IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-6132-CV-W-HFS |
| ) | |
| RQ SQUARED, L.L.C., ) | |
| RELIABLE COMMUNICATIONS, INC., ) | |
| QUANTITATIVE RESOURCES, L.L.C., ) | |
| CHRISTOPHER J. GRUBB, ) | |
| VALERIE J. GRUBB, ) | |
| and ) | |
| LISA NORTON f/k/a ) | |
| LISA WHITACRE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiff Bank seeks to foreclose, through appointment of a receiver, on a large loan obligation of RQ Squared, an operating business (which may or may not still be operational).[1] Verified and undisputed material supports a conclusion that there has been a default, and an acceleration of the debt obligation. It is also agreed that a controlling loan document (a deed of trust) specifically authorizes the Bank to obtain a receiver under those circumstances, and provides for appointment of a receiver without notice to the debtor.

Despite the possibility of an ex parte proceeding, service has been had on the debtor and its principals (the Grubbs)– but not at their Missouri residence--and they have exercised an opportunity to respond. Their opposing brief relies on a single contention, that as a matter of law the

---

[1] The record is silent, and counsel have made no representations regarding the details of any ongoing operation.

appointment of a receiver is conditioned, in Federal Court, on special qualifying factors, such as transfers in fraud of creditors--and that none of the listed qualifying factors are pleaded or otherwise claimed.

The Bank contends that in both the State and Federal systems, a contractual right of a creditor to appointment of a receiver is recognized and enforced. I conclude that the Bank's contentions are sound and supported by authority (the Federal appellate authority is somewhat dated, however). Cases relied on by the debtor interests are distinguishable. In some instances no contract rights were in question, and in others the Eighth Circuit was able to sustain appointment of a receiver without ruling on the sufficiency of the contract rights standing alone. Nothing squarely opposed to the appointment of a receiver here has been supplied or argued.

Although there may be no controlling law mandating appointment of a receiver, I am satisfied that the contract rights asserted are sufficient in this context to be enforced, regardless of the practical result.[2] A receiver will be promptly appointed.[3]

---

[2] I do not believe I should attempt to appraise the desirability of a receiver from a business standpoint–and have little basis for making a judgment if I should try. It would seem, however, that a receiver would not necessarily spell the end of the business owned by the Grubb defendants. Presumably if the receiver concludes it is dealing with honest and efficient business personnel it could seek to operate through them. It is my understanding there is a long history of railroads operating through receivers–although that history is not well regarded. See Northwest Marine Works v. United States, 307 F.2d 537, 542 (9th Cir. 1962).

[3] I need not resolve the question whether it is Federal procedural law or Missouri substantive law that is being enforced. Both routes reach the same result. Missouri law, as exemplified in the Pickett case, is probably stronger than the Federal law discussed by the parties. It does seem to me that Missouri law probably is the best source of law in this diversity case, as the creditor's right to take over a going business pursuant to a contract would seem to be more than procedural. Rule 66 of the Federal Rules of Civil Procedure appears to be tangential in the directions supplied and lacking in comprehensive rules indicating when a receiver should be appointed. The Eighth Circuit cases that are not controlled by contractual provisions would be illustrative and helpful as guidance if there were no contract rights in question but also seem to be less than comprehensive.

The receiver nominated informally by plaintiff (Atec, Inc.) has not been opposed by the debtors, assuming plaintiff is entitled to an appointment. Whether a bond should be required, and if so in what amount and in what form, remains somewhat vaguely presented. An on-the- record telephone conference with counsel as early as feasible seems appropriate.[4]

It is therefore ORDERED that the two sets of contesting counsel be scheduled for a telephone conference on Monday or Tuesday. Mr. Smith, representing a limited guarantor, is supportive of plaintiff but is invited to participate if he wishes.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

December 8, 2006

Kansas City, Missouri

---

[4]Whether there will be an appeal is of course uncertain, and in a telephone call counsel for the debtors may have some sense of that possibility, as well as the availability of funding for a bond giving security for a stay. If there is an appeal, and if there may be requests to stay proceedings here or in the Circuit, that should be promptly processed under the circumstances, in order that the contractual arrangement not be frustrated by undue delays.