IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RQ SQUARED, L.L.C., et al., )<br>)<br>Defendants. ) | Case No. 06-6132-CV-W-HFS |

**MEMORANDUM AND ORDER**

Plaintiff, U.S. Bank National Association "the Bank", has filed a motion for summary judgment. The motion was filed on May 7, 2007, and a response was due on or before June 11, 2007. Defendants, RQ Squared LLC "RQ2", Reliable Communications, Inc., Christopher J. Grubb, and Valerie J. Grubb, failed to respond by this date. Thus, by order dated June 14, 2007, defendants were directed to show cause within 10 days why the relief sought by the Bank should not be granted. Again, defendants have not responded. Based on defendants' failure to comply with the federal rule, as well as their failure to submit any evidence in opposition to the motion, summary judgment is proper. However, the merits of the Bank's motion will be briefly addressed to ensure that summary judgment is appropriate. Hamilton v. Nicholson, 2007 WL 1290132 (D.Neb.).

**Background Facts**

As noted above, in view of defendants' failure to respond, significant reliance is placed on the Bank's statement of uncontroverted facts. During 2004 and 2005, RQ2 executed three revolving credit notes in the amounts of $850,000.00, $475,000.00, and $792,000.00 in favor of the Bank. The

notes provided, *inter alia*, that in the case of default, the unpaid principal balance would become immediately due. In favor of the Bank, Reliable and the Grubbs signed unlimited guarantees assuring payment on the notes when due.

As of October 30, 2006, RQ2 failed to make multiple monthly payments, and a notice of default and acceleration notice was sent to the defendants. According to the Bank, as of April 24, 2007, defendants owed principal plus accrued interest and late fees in the amount of $2,122,303.58; interest accruing at the rate of $415.131 per diem from April 24, 2007 until the date of judgment; attorneys fees in the amount of $76,783.98; costs and expenses; and post judgment interest at the applicable federal rate.

## **Discussion**

Standard of Review for Summary Judgment

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Freeman v. Ford Motor Company, 2005 WL 1345292 *2 (W.D.Mo.). The court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Id; citing, Matushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986).

However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the ... pleadings, but ... by affidavits or as otherwise provided in [Rule 56],

2

must set forth specific facts showing that there is a genuine issue for trial." Freeman, at *2; quoting, Fed.R.Civ.P. 56(e).

In a suit on a promissory note, a plaintiff makes a prima facie case when the note admittedly signed by the makers is introduced into evidence and there is evidence to show that the note is unpaid or there is a balance due and owing. Magna Bank of Madison County v. W.P. Foods, Inc., 926 S.W.2d 157, 161 (Mo.App. E.D. 1996). When a plaintiff establishes a prima facie case, he is entitled to recover on the promissory note unless the defendant establishes a defense. *Id.* The burden is on the defendant to establish any and all defenses to plaintiff's recovery. *Id.*

In support of its motion, the Bank has provided substantial evidence, attached to its motion as exhibits, demonstrating the agreements executed by the parties. (Supporting Suggestions: Ex. A-H). This evidence is corroborated by the affidavit of a Vice-President of the Bank, Dale L. Welke, who avers to the accuracy of the exhibits. (Id: Ex. J). The request for attorney fees is supported by the affidavit of counsel, Mark A. Shaiken (Id: Ex. K), and is reasonable. American Bank of Princeton v. Stiles, 731 S.W.2d 332, 339 (Mo.App. W.D. 1987).

Defendants have not responded to the motion. Thus, even while viewing the evidence in the light most favorable to defendants, the Bank has demonstrated that there is no genuine issue as to any material fact regarding the amounts owed and due, and is therefore, entitled to summary judgment. Jetton v. McDonnell Douglas Corp., 121 F.3d 423, 427 (8th Cir. 1997).

Inasmuch as the amounts claimed resolves its dispute with these defendants, the Bank also requests that, pursuant to Fed.R.Civ.P. 54(b), final judgment be entered. Loudner v. U.S., 330 F.Supp.2d 1074, 1081 (D.S.D 2004) (final judgment is proper where there is no just reason for delay and an express direction for entry of the judgment).

3

Accordingly, it is hereby

ORDERED that plaintiff's motion for summary judgment (ECF doc. 81) is GRANTED. The clerk of the court is directed to enter final judgment in favor of plaintiffs and against defendants RQ Squared, LLC, Reliable Communications, Inc., Christopher J. Grubb, and Valerie J. Grubb in the amount of $2,199,087.56.[1]

        /s/ Howard F. Sachs
        HOWARD F. SACHS
        UNITED STATES DISTRICT JUDGE

July 19, 2007

Kansas City, Missouri

---

[1] This includes the amount sought under Counts I and V for $2,122,303.58, as well as attorneys' fees in the amount of $76,783.98.